# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**KENNETH MANZANARES,**

   **Plaintiff,**

   **v.**                                                    **No. CIV 09-600 JCH/ACT**

**SANDOVAL COUNTY DETENTION CENTER CORRECTION OFFICERS CHRIS LUNDVALL, MANUEL SEDILLO, GARY SWETLAND, CHARLES TUELL, AND RANDOLPH ECK, in their individual capacities, AND THE COUNTY OF SANDOVAL,**

   **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITON[1]

   THIS MATTER comes before the Court on "Defendants' Motion for Summary Judgment No. I and Memorandum in Support: Failure to Comply with the Prison Litigation Reform Act" [Doc. 37] filed on March 29, 2010, by Defendants Sandoval County Detention Center Correction Officers Chris Lundvall, Manuel Sedillo, Charles Tuell, and Randolph Eck in their individual capacities and the County of Sandoval, through their counsel, Robles, Rael & Anaya (Daniel J. Macke, Esq.).  This matter is also before the Court on Defendant Gary Swetland's Motion for Summary Judgment filed on March 29, 2010 [Doc. 38], through his counsel The Brown Law Firm (Kevin M. Brown, Esq. and Joel M. Young, Esq.) which simply "adopts the arguments"

---

[1]This case was referred to the undersigned United States Magistrate Judge on April 20, 2010, to submit proposed findings of fact and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3). [Doc.45.]

[*Id.*] made by Defendants Mr. Lundvall, Mr. Sedillo, Mr. Tuell, and Mr. Eck, and the County of Sandoval in their Motion for Summary Judgment. Both of the above referenced Motions for Summary Judgment will be referred to hereinafter as simply "Motions for Summary Judgment" and all Defendants will be referred to collectively as "Defendants."

The sole issue before the Court is whether any factual issues remain which would preclude summary judgment for Defendants pursuant to the Motions for Summary Judgment based on Plaintiff's (hereafter Mr. Manzanares) failure to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").  Mr. Manzanares, after initially being represented by counsel, is now proceeding *pro se*.  Having reviewed the pleadings and relevant law, and being otherwise fully advised, the Court recommends that summary judgment based on failure to exhaust administrative remedies be denied.

## PROPOSED FINDINGS

### Factual and procedural background.

1.  Mr. Manzanares was represented by counsel when the complaint was filed on April 28, 2009 [Doc.1-2] and removed to Federal Court on June 19, 2009 [Doc.1].  Thereafter, Mr. Manzanares's counsel moved the Court to withdraw as his attorney and the Court granted the motion on February 9, 2010 [Doc. 34]. Mr. Manzanares is now proceeding *pro se*.

2.  Mr. Manzanares's complaint alleges constitutional violations and tort claims under state law during his incarceration at Sandoval County Detention Center. [Doc.1-2.]

3.  Mr. Manzanares alleges that on April 5, 2007, when he was escorted into the booking area at the Sandoval County Detention Center he was ordered to face the wall.  He alleges that he complied with the order but turned to look at the officer who then "rushed up to [him] and slammed his body into the wall." [Doc.1-2 ¶¶ 8-9.]   Thereafter, he alleges that he was taken to

2

his cell, thrown on the floor and assaulted for over two minutes by Defendants and then sprayed with a "chemical-mace substance."  He further alleges that medical personnel examined him but he was not treated and was denied medical attention. [*Id*. ¶¶ 11-18.]

Standards Governing Motion for Summary Judgment.

4.   Summary judgment is proper if the movant demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgement as a matter of law." Fed.R.Civ.P. 56(c). Only disputes over facts that might affect the outcome of the suit under the applicable law will preclude summary judgment.  *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986).

5.   "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Even so, a *pro se* litigant is not exempt from following the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992), *cert. denied*, 507 U.S. 940 (1993).  "Unsupported conclusory allegations. . . do not create an issue of fact." *MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005)(citing *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir.2004)).

Legal Analysis

6.   The PLRA sets out express limitations prior to filing a lawsuit.  Under the PLRA, a prison inmate is required to complete the prison administrative process before suing over prison conditions.[2]  *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory.

---

[2]  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

3

*Id.* at 741; *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The exhaustion requirement is designed to be a disincentive for prisoners who would rather bypass available internal procedures and proceed directly to a lawsuit in federal court. The hope is that some prisoner litigation may be avoided, and that the suits which are brought have better documentation for the court to consider. *Woodford v. Ngo*, 548 U.S. 81 (2006).

7. In a suit governed by the PRLA, the burden of proof of the exhaustion of administrative remedies is on the defendant. *Jones v. Bock*, 549 U.S. 199 (2007); *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). The defendant must prove that (1) administrative remedies were available to the plaintiff, and (2) the plaintiff failed to exhaust these remedies. *Purkey v. CCA*, 263 Fed.Appx. 723 (10th Cir. 2008). As discussed below, Defendants have failed to establish that administrative remedies were available to Mr. Manzanares.

8. Defendants' Motions for Summary Judgment establish that Sandoval County Detention Center provides an administrative grievance procedure to prisoners, informs prisoners of this administrative procedure by way of "a statement in the inmate handbook which is issued to inmates," that this procedure allows prisoners seven days to initiate a grievance and that Mr. Manzanares never filed a grievance concerning the alleged incident within seven days of the alleged incident. [Doc. 1-2 at ¶¶ 3-6, *citing* affidavit of Mr. Greg Quintana, the Deputy Director of Prison Operation for Sandoval County and attached exhibits (1) the grievance procedure and (2) a list of all grievances filed by inmates from April 5, 2007 through May 31, 2007.]

9. Mr. Manzanares does not dispute these facts. However, he claims that he was "not aware of grivance (sic) procedure in County Holding Facilities." [Doc.40 at p. 2.] He further asserts that it is "common practice for a correction facility to have an inmate sign a handbook to

4

prove that issue was made to inmate of rules and procedures."  [*Id.* at p. 3.] Defendants did not submit any evidence that Mr Manzanares was given a handbook or that he was aware of the grievance procedures.

10.   Defendants have not met their burden of proof on exhaustion of remedies; specifically they have not established that the grievance procedures were available to Mr. Manzanares because they have not established that they gave notice to Mr. Manzanares of the grievance procedures.

11.   Here,  Mr. Manzanares alleges he was assaulted on April 5, 2007, when he was being escorted into the booking area, and then again when he was taken to his cell. [Doc.1-2 at ¶ 7-18.] The affidavit of Greg Quintana, who is "tasked with the responsibility for <u>handling</u> <u>inmate</u> <u>grievances</u> and for Sandoval County Detention Center grievance policies and procedures (sic)," [Doc.37-1 at ¶ 3] does not establish <u>how or when</u> all inmates, or Mr. Manzanares specifically, <u>are given or otherwise made aware </u> of the grievance policies and procedures.  Mr. Quintana's affidavit establishes only that there is a grievance procedure, the grievance procedure is explained in a handbook which is "issued to prisoners" and that Mr. Manzanares did not file a grievance for his alleged injuries within the time period provided for in the grievance procedures. [*Id.* at pp. 1-7.]

12.   Because the grievance procedures in this case provide that a prisoner must file a grievance within seven days of the alleged incident, and Mr. Manzanares was allegedly injured while being booked into the Sandoval Detention Center, Defendant must establish that Mr. Manzanares received notice of the grievance procedures within seven days from when he was booked into the detention center.   [Doc. 37-1 at p. 4.] Defendants have submitted no evidence to show that Mr. Manzanares received a copy of the grievance procedures by receiving a handbook,

or was otherwise informed of the facility's grievance procedure, during the time he was booked

or at anytime in the following seven days.

13.   "An institution cannot keep inmates in ignorance of the grievance procedure and

then fault them for not using it. A grievance procedure that is not made known to inmates is not

an 'available' administrative remedy." *Romanelli v. Suliene*, 2008 WL 4587110, 6 (W.D.Wis.,

2008)(unpublished), *quoting Hall v. Sheahan*, 2001 WL 111019 at *2 (N.D. Ill. Feb 2, 2001).

> Section 1997e(a) is primarily for the benefit of prison administrators: to give
> them notice of a problem and an opportunity to solve it before being haled into
> court. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S.
> 731, 737 (2001). Thus, it makes sense to place the onus on officials to inform
> prisoners of the procedure. If officials want to use § 1997e(a) to obtain dismissal
> of lawsuits filed without using the administrative remedy process, they must at
> least tell the prisoner what the process is. It would be unfair to require the
> prisoner to conduct his own investigation, particularly because in many cases he
> would be unaware of his obligation to do so. It would also create an unfortunate
> incentive on prison officials to conceal the grievance procedure, a result that
> would be inconsistent with the purposes of both § 1997e(a) and § 1983. *Goebert
> v. Lee County*, 510 F.3d 1312, 2007 WL 4458122, *8 (11th Cir.2007) ("If we
> allowed jails and prisons to play hide-and-seek with administrative remedies, they
> could keep all remedies under wraps until after a lawsuit is filed and then uncover
> them and proclaim that the remedies were available all along.")

*Romanelli v. Suliene*  2008 WL 4587110 at *6.

14.   Because the Defendants have failed to show that Mr. Manzanares was informed of

their grievance procedures and therefore had an available administrative remedy, I recommend

that the Motion for Summary Judgment be denied.  The Defendants fail to establish how and

when Mr. Manzanares was given a copy of the inmate handbook, or otherwise informed of the

grievance procedure.

<u>RECOMMENDED DISPOSITION</u>

For the reasons stated above the Court recommends that Motion for Summary Judgment

No. I and Memorandum in Support: Failure to Comply with the Prison Litigation Reform Act"

[Doc. 37] filed on March 29, 2010 by Defendants Sandoval County Detention Center Correction Officers Chris Lundvall, Manuel Sedillo, Charles Tuell, and Randolph Eck in Their Individual Capacities and the County of Sandoval, and the Motion for Summary Judgment filed by Defendant Gary Swetland's[Doc. 38], be denied.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United State District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE