IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETH MANZANARES,

    Plaintiff,

    v.                           No. CIV 09-600 JCH/ACT

SANDOVAL COUNTY DETENTION CENTER CORRECTION OFFICERS CHRIS
LUNDVALL, MANUEL SEDILLO, GARY SWETLAND, CHARLES TUELL, AND
RANDOLPH ECK, in their individual capacities, AND THE COUNTY OF
SANDOVAL,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITON[1]

THIS MATTER comes before the Court on "Defendants' Motion to Dismiss for Failure to Prosecute or Alternatively for Notice of Dismissal Under *Ehrenhaus*" [Doc. 48] filed on May 14, 2010, by Defendants Sandoval County Detention Center Correction Officers Chris Lundvall, Manuel Sedillo, Charles Tuell, and Randolph Eck in their individual capacities and the County of Sandoval (hereafter referred to as "Defendants"). Having reviewed the pleadings and relevant law, and being otherwise fully advised, the Court recommends that this matter be dismissed with prejudice as a sanction for failure to comply with this Court's Order filed January 1, 2010.

---

[1] This case was referred to the undersigned United States Magistrate Judge on April 20, 2010, to submit proposed findings of fact and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3). [Doc.45.]

## PROPOSED FINDINGS

1.   Mr. Manzanares was represented by counsel when he filed his complaint.   The complaint was filed on April 28, 2009 [Doc.1-2] and removed to Federal Court on June 19, 2009 [Doc.1].  About eight months later, Mr. Manzanares's counsel moved the Court to withdraw and the Court granted the motion on February 9, 2010 [Doc. 34]. Mr. Manzanares is now proceeding *pro se.*

2.   On September 10, 2009, this Court set pre-trial deadlines and guidelines for discovery. [Doc. 12, 13, 14.] The Court ordered that Mr. Manzanares' Initial Disclosures and medical authorizations be provided to Defendants by September 30, 2009. [Doc.12.]

3.   Mr. Manzanares failed to provide initial disclosures and respond to discovery which prompted a Motion to Compel by Defendants filed on December 10, 2009. [Doc. 26.] On January 7, 2010, the Court granted Defendants' Motion to Compel Discovery and ordered that Mr. Manzanares provide initial disclosures as mandated by the federal rules as well as respond to Defendants' discovery requests. [Doc. 27.] The Court specifically stated that failure to comply could result in a recommendation for the imposition of sanction which "could include a recommendation that Plaintiff's Complaint be dismissed with prejudice." [*Id.*]

4.   On January 15, 2010, the Court issued an Order to Show Cause based on Mr. Manzanares failure to respond. [Doc. 28.] As a result of the hearing, on February 9, 2010, the Court granted Mr. Manzanares's counsel permission to withdraw and ordered Mr. Manzanares to respond as ordered on January 7, 2010 [Doc. 27] within forty-five (45) days.  Mr. Manzanares was again warned that failure to comply could result in a recommendation that his case be dismissed with prejudice. [Doc. 34.]

5.   Mr. Manzanares has not complied with this Court's Orders.  Specifically, Mr.

Manzanares has not provided any response to Defendants' First Set of Request for Production of Documents. [Doc. 48 at p.2.] Nor has Mr. Manzanares provided full and complete initial disclosures, including "witness and exhibit identification, computation of damages, and disclosure of medical provider information." [*Id.*]

6.   Fed.R.Civ.P. 37(b) authorizes this Court to dismiss a case if a party fails to obey an order to provide or permit discovery.  The Court must consider the following factors: (1) the degree of actual prejudice suffered by the defendants; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court advised the litigant that dismissal would be a likely result of further violations; and (5) the effectiveness of lesser sanctions.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1993).

7.   With respect to the first factor, Defendants have been prejudiced in the preparation and defense of this case because of Mr. Manzanares' failure to comply with and cooperate in discovery.  Furthermore, Mr. Manzanares' actions have increased Defendants' attorney fees and costs because Defendants were forced to file two motions to compel [Doc. 23 and 46], and the motion to dismiss [Doc.48].

8.   With respect to the second factor, Mr. Manzanares has interfered with the judicial process by failing to comply with the Federal Rules of Civil Procedure and by disregarding court orders.

9.   Notwithstanding Mr. Manzanares' *pro se* status as of February 9, 2010, the third *Erenhaus* factor, litigant's culpability, has been met given the continued failure to comply with the Federal Rules of Civil Procedure despite multiple orders issued by this Courts as well as warnings that failure to comply could result in a recommendation of dismissal of the case.

10.   The fourth *Erenhaus* factor is clearly met as the Court has given Mr. Manzanares

3

multiple warnings.

11.  With regard to the fifth factor, the Court finds that dismissal is appropriate and lesser sanctions would not serve the interests of justice.  *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988).

RECOMMENDED DISPOSITION

For the reasons stated above the Court recommends that Defendants' Motion to Dismiss for Failure to Prosecute or Alternatively for Notice of Dismissal Under *Ehrenhaus* [Doc. 48] be granted and that Mr. Manzanares' Complaint be dismissed with prejudice as a sanction for failure to comply with this Court's orders.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United State District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.


_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE